# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARQUIZ PUGH, et al., etc., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0584-WS-B |
| | ) |
| PLATINUM CONTRACTING GROUP, LLC, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This FLSA matter is before the Court on the parties' joint motion to approve settlement. (Doc. 23).

"Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *accord Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013) (under *Lynn's Food Stores*, which "applies to settlements between former employees and employers" as well as current employees, an FLSA settlement not made under the supervision of the Secretary of Labor "is valid only if the district court entered a 'stipulated judgment' approving it"). The parties' motion is brought in light of *Lynn's* and *Nall*.

Upon review of the complaint, the motion, and the attachments to the motion, the Court is satisfied that the settlement is fair and reasonable under the

governing standards.  The Court also notes that the concerns articulated in *Crabtree v. Volkert, Inc.*, 2013 WL 593500 (S.D. Ala. 2013), are absent here.

For the reasons set forth above, the motion is **granted** and the settlement is **approved**.  The parties are **ordered** to submit, on or before **June 1, 2017**, a proposed stipulated judgment in accordance with governing law.

DONE and ORDERED this 25th day of May, 2017.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE